UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MICHAEL WAYNE COUCH, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 6:23-CV-123-CHB |
| v. | ) ) ) | |
| CLAY COUNTY, KENTUCKY, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Michael Couch is confined at the Clay County Detention Center ("CCDC") in Manchester, Kentucky. Couch has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]. The Court granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In his complaint, Couch alleges that on June 21, 2023, CCDC Jailer Linda Smallwood told Couch's aunt, Christine Jackson, that Jackson should tell Couch to "drop the lawsuits," and advised Jackson against depositing further funds in Couch's inmate account because all of those amounts would be paid toward filing fees already owed by Couch for previous filings in this Court.[1] *See* [R. 1, p. 2]. Couch asserts that the purpose of Smallwood's comments was to prevent him from paying the initial partial filings that would be levied when he filed further lawsuits "in an egregious attempt to silence me." [*Id.* at 2-3]. Jackson allegedly told Couch that "what I was doing is stupid" and that she would not bring him further funds. [*Id.* at 3]. Couch

---

[1] The Court's online PACER database indicates that since March 6, 2023, Couch has filed 18 civil rights complaints in this Court, many related to the conditions of his confinement at CCDC and asserting claims against Smallwood and others.

contends that this amounts to intimidation of a witness in a legal proceeding. [*Id.* at 4]. Couch indicates that he did not file an inmate grievance on the matter, stating that it "does no good." [*Id.* at 6]. Couch signed his complaint the next day. [*Id.* at 8] Couch names as defendants Smallwood, Jackson, and Clay County, Kentucky. [*Id.* at 1-2] He contends that their actions violated unspecified rights under the First, Sixth, and Fourteenth Amendments. [*Id.* at 4].

The Court will dismiss Couch's complaint. At a minimum, Couch's acknowledged refusal to file an inmate grievance regarding his claims establishes his failure to exhaust administrative remedies prior to filing suit. Federal law mandates such exhaustion. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). And a district court may dismiss a complaint upon initial screening when it is apparent from the face of the complaint that plaintiff's claim is barred by such an affirmative defense. *Jones*, 549 U.S. at 214-15; *Fletcher v. Myers*, No. 5:11-cv-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."). Couch's frank admission warrants dismissal without prejudice.

But here dismissal with prejudice is appropriate. Couch does not allege that his aunt, Jackson, acted under color of state law as required for Section 1983 to apply. Her conduct as a private citizen is not actionable under Section 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

And Couch's allegations do not indicate a violation of his rights by Smallwood. The Court liberally construes Couch's unexplained reference to the First Amendment as complaining of a denial of access to the courts for a future, as-yet-unasserted, civil claim because of an anticipated inability to pay an initial partial filing fee. *See* [R. 1 , p. 4]. But "a claim for denial

of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost." *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011).  Couch has done neither.  Nor could he: federal law expressly provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  28 U.S.C. § 1915(b)(4).

Although the Fourteenth Amendment establishes the rights to equal protection under the law, as well as to procedural and substantive due process, Couch's allegations do not suggest a colorable violation of these protections.  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully harmed-me accusation.") (cleaned up).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Simply labeling the defendants' actions - whatever they might have been - as "negligent" or "discriminatory" deprives the defendants of notice of the conduct complained of, a notice to which they are entitled.  A complaint that does not provide any factual basis for the claims set forth within it should be dismissed for failure to state a claim.

Here, Couch does not and cannot viably contend that Smallwood's comments deprived him of life, liberty, or property when Jackson was entirely free to disregard them. Put another way, it was Jackson's decision to stop giving Couch money that "deprived" him of property, and as noted above she is not amenable to suit under § 1983. Nor does Couch allege facts indicative of impermissible discrimination by Smallwood. *Cf. Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (internal citations omitted). And the Sixth Amendment, which provides certain rights in a criminal prosecution,[2] is wholly inapposite here.

For each of these reasons, the Court will dismiss Couch's complaint with prejudice.

Accordingly, the Court **ORDERS** as follows:

1. Michael Wayne Couch's Complaint **[R. 1]** is **DISMISSED** with prejudice.

2. This matter is **STRICKEN** from the docket.

This the 30th day of June, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

---

[2] The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.